IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHAEL EUGENE HUNT, )
)
    Plaintiff, )
)
v. ) 1:15CV202
)
FRANK PERRY, et al., )
)
    Defendant(s). )

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. The filing fee was not received nor was a proper affidavit to proceed *in forma pauperis* submitted, with sufficient information completed or signed by Plaintiff, to permit review. Plaintiff submitted a handwritten *in forma pauperis* application, but he does not provide the amount of deposits into his account in the past six months.

2. The Complaint is not on forms prescribed for use by this Court, nor is the information requested by such forms and necessary to process the Complaint pursuant to 28 U.S.C. § 1915A contained in Plaintiff's submission. See LR 7.1(e). Again, Plaintiff submitted handwritten forms rather than requesting the proper forms from the Clerk's Office. As a result, some key information is missing.

3. For the most part, Plaintiff has not named proper defendants. Plaintiff must name the persons who are actually responsible for the alleged violations of his constitutional rights. Plaintiff names a number of defendants based on their

positions as supervisors, because they did not handle the prison grievance process in what he deems to be an appropriate manner, and/or because they did not respond in the way he wished to his complaints. There is no supervisory liability under § 1983. Likewise, there is no federal right to a grievance process. Grieveson v. Anderson, 538 F.3d 763, 772 n.3 (7th Cir. 2008) (no substantive right to a grievance procedure); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (no right to any grievance procedure or to access any procedure voluntarily created by the State). Finally, there is no constitutional right to an investigation of grievances or to any particular result from an investigation. Barnes v. Fedele, 760 F. Supp. 2d 296, 304-05 (W.D.N.Y. 2011).

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 24th day of March, 2015.

                                                            /s/ Joe L. Webster
                                                            Joe L. Webster
                                                         United States Magistrate Judge